IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

YAN QU,
      Petitioner,

v.                                          Civil No. 3:25cv925 (DJN)

JOSEPH B. EDLOW, *et al.*,
      Respondents.

## MEMORANDUM OPINION

Petitioner, a federal detainee proceeding *pro se*, filed a petition for a writ of mandamus. Petitioner seeks a "mandamus to compel the adjudication of [his] long-pending form I-485 . . ." application for adjusted status. (ECF No. 1 at 1.)[1] Respondents have moved to dismiss the action as moot, since they have completed adjudication of Petitioner's application for adjusted status. (ECF No. 8.)  The Court provided Petitioner with appropriate *Roseboro* notice.[2] (ECF No. 10.)  Petitioner has not responded.  For the reasons set forth below, the Motion to Dismiss (ECF No. 8.) will be GRANTED.

## I.    STANDARD OF REVIEW

In a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenging the Court's subject matter jurisdiction, the burden rests with the petitioner, as the party asserting jurisdiction, to prove that federal jurisdiction is proper. *See Int'l Longshoremen's Ass'n v. Va. Int'l Terminals, Inc.*, 914 F. Supp. 1335, 1338 (E.D. Va. 1996) (citing *McNutt v. Gen. Motors*

---

[1]    The Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system.  The Court corrects the capitalization, punctuation, and spelling in the quotations from the parties' submissions.

[2]    *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

*Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). A motion to dismiss pursuant to Rule 12(b)(1) can attack subject matter jurisdiction in two ways. First, a Rule 12(b)(1) motion may attack the petition on its face, asserting that the petition fails to state a claim upon which subject matter jurisdiction can lie. *See id.* (citing *Adams*, 697 F.2d at 1219). Alternatively, a Rule 12(b)(1) motion may challenge the existence of subject matter jurisdiction in fact, apart from the pleadings. *See Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219. In such a case, "the district court may then go beyond the allegations of the [petition] and resolve the jurisdictional facts in dispute by considering evidence outside the pleadings, such as affidavits." *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 348 (4th Cir. 2009) (citations omitted). Consideration of evidence outside of the pleadings on a Rule 12(b)(1) motion does not necessarily convert the motion to one for summary judgment. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citation omitted); *McBurney v. Cuccinelli*, 616 F.3d 393, 409 (4th Cir. 2010) (Agee, J., concurring in part and dissenting in part) (discussing that motions under Rule 12(b)(1) are not restricted by Rule 12(d)). However, "[t]he district court should grant the Rule 12(b)(1) motion to dismiss 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *Evans*, 166 F.3d at 647 (citation omitted).

## II.    FACTUAL BACKGROUND

On June 9, 2023, Petitioner "filed a Form I-485, Application to Register Permanent Residence or Adjust Status . . . based on being the principal beneficiary of a family-based immigrant petition." (ECF No. 9-1 at 1.) On November 13, 2025, Petition filed the present petition for a writ of mandamus to compel Respondents to adjudicate his I-485 Application.

2

(ECF No. 1 at 1.)  On January 23, 2026, U.S. Citizenship and Immigration Services ("USCIS")

denied Petitioner's I-485 application.  (ECF No. 9-1 at 1.)

### III.    ANALYSIS

Article III of the Constitution limits the scope of federal court jurisdiction to "cases" and

"controversies."  U.S. Const. art. III, § 2.  "[R]ipeness, along with standing, mootness, and

political question," are "doctrines that cluster about Article III" of the United States Constitution.

*S.C. Citizens for Life, Inc. v. Krawcheck*, 301 F. App'x 218, 220 (4th Cir. 2008) (quoting *Allen v.

Wright*, 468 U.S. 737, 750 (1984)).  With respect to mootness, "a case is moot when the issues

presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."

*Powell v. McCormack*, 395 U.S. 486, 496 (1969) (citation omitted).  Further, "[i]f intervening

factual or legal events effectively dispel the case or controversy during pendency of the suit, [a]

federal court[] [is] powerless to decide the questions presented."  *Ross v. Reed*, 719 F.2d 689,

693–94 (4th Cir. 1983); *see also Gonzalez v. Zannotti*, 585 F. App'x 130, 130 (4th Cir. 2014)

(affirming dismissal of petition for a writ of mandamus as moot where USCIS had dismissed the

I-485 application); *Guevara v. Zanotti*, 399 F. Supp. 3d 494, 504 (E.D. Va. 2019) (finding

petition for a writ of mandamus was moot, because "USCIS has already adjudicated petitioner's

application for adjustment of status to the extent permissible under binding federal regulations"

(quoting *Mohammed v. Holder*, 695 F. Supp. 2d 284, 289 (E.D. Va. 2010))).

Here, Petitioner's claims have been mooted by USCIS's denial of his I-485 Petition.  The

Court therefore lacks subject matter jurisdiction to adjudicate his petition, requiring dismissal.

## IV.   CONCLUSION

The Motion to Dismiss (ECF No. 8) will be GRANTED.  The action will be

DISMISSED AS MOOT.

An appropriate Final Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to

Petitioner.

_____/s/_____
David J. Novak
United States District Judge

Alexandria, Virginia
Date:  May 4, 2026

4